UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

---------------------------------------------------------x
RICHARD STAMPLEY,                                :
an individual,                                              :      CASE NO.:
                                                                    :
          Plaintiff,                                           :      Judge:
vs.                                                                :
                                                                    :      Magistrate:
ADORE NAILS & SPA, L.L.C. and          :
MY NGOC VU,                                          :
                                                                    :
          Defendants.                                     :
---------------------------------------------------------x

## COMPLAINT

Plaintiff, RICHARD STAMPLEY, by and through his undersigned counsel, hereby files this Complaint and sues ADORE NAILS & SPA, L.L.C. and MY NGOC VU (hereinafter referred to as "DEFENDANTS"), for declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and declaratory and injunctive relief, damages, attorneys' fees, and costs pursuant to the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq.*, (hereafter "LCHR"), and for damages for negligent training and supervision under Louisiana state law; and alleges the following:

## JURISDICTION AND PARTIES

1. This is an action for relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.* (hereinafter referred to as the "ADA"), the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq.*, (hereafter "LCHR"), and Louisiana state law negligent training and supervision.

1

2. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367, as such claims arise out of the same case or controversy as the Federal claims.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4. Plaintiff, RICHARD STAMPLEY, (hereinafter referred to as "MR. STAMPLEY"), is a person of the age of majority and a citizen of the State of Louisiana.

5. MR. STAMPLEY resides in Natchitoches Parish, Louisiana.

6. MR. STAMPLEY is a qualified individual with a disability under the ADA and the LCHR. MR. STAMPLEY has prostate cancer.

7. Due to his disability, MR. STAMPLEY is substantially impaired in several major life activities including walking more than a short distance at a time. MR. STAMPLEY uses either a wheelchair or scooter to ambulate.

8. Upon information and belief, ADORE NAILS & SPA, L.L.C., is a limited liability company organized in the State of Louisiana and doing business in Natchitoches Parish, Louisiana. Upon information and belief, this company is an operator of the business which is the subject of this action: Adore Nails & Spa, 940 Keyser Avenue, Suite D, Natchitoches, LA 71457 (hereinafter referred to as "the Property").

9. Upon information and belief, MY NGOC VU, an individual domiciled in Natchitoches Parish, Louisiana, is an operator of Adore Nails & Spa, 940 Keyser Avenue, Suite D, Natchitoches, LA 71457.

10. The business at the Property is a nail salon.

11. DEFENDANTS are obligated to comply with the ADA and the LCHR.

12. All events giving rise to this lawsuit occurred in the Western District of Louisiana, Natchitoches Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

13. MR. STAMPLEY realleges and reavers Paragraphs above as if they were expressly restated herein.

14. The Property is a place of public accommodation, subject to the ADA, generally located at: 940 Keyser Avenue, Suite D, Natchitoches, LA 71457.

15. MR. STAMPLEY has visited the Property previously and plans to visit the Property again in the future.

16. For over a year, MR. STAMPLEY has been visiting the Property approximately every six weeks or so in order to get a pedicure.

17. MR. STAMPLEY entered the Property on September 17, 2025, with his son Micah Stampley. MR. STAMPLEY was using his motorized wheelchair to ambulate.

18. MR. STAMPLEY was at the Property to get a pedicure.

19. An employee of DEFENDANTS observed MR. STAMPLEY's use of a wheelchair and stated, "We don't do services on handicapped people."

20. MR. STAMPLEY's son explained to the employee that MR. STAMPLEY uses a wheelchair but he is able to stand and lift himself into the pedicure chair independently.

21. DEFENDANTS' employees refused to provide service to MR. STAMPLEY.

22. The following day, MR. STAMPLEY's daughter, Melissa Stampley, visited the Property to ask why DEFENDANTS would not serve her father.

23. An employee of DEFENDANTS informed Ms. Stampley that they do not serve people in

wheelchairs or scooters.

24. Upon information and belief, DEFENDANTS are still enforcing this policy of not serving individuals who use wheelchairs or scooters.

25. MR. STAMPLEY continues to desire to visit the Property but will continue to be deterred from visiting the Property due to Defendants' discriminatory policy of refusing service to individuals who use a wheelchair to ambulate.

26. MR. STAMPLEY desires to visit the Property but is deterred by DEFENDANTS' intentional discrimination and policy excluding him from visiting the Property in a wheelchair.

27. MR. STAMPLEY lives within a close geographic proximity of the Property. MR. STAMPLEY lives less than ten miles from the Property.

28. MR. STAMPLEY plans on returning to the Property but fears that he will encounter the same intentional discrimination which is the subject of this action.

29. MR. STAMPLEY has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MR. STAMPLEY is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANTS, pursuant to 42 U.S.C. § 12205.

### COUNT II: VIOLATIONS OF THE LOUISIANA COMMISSION ON HUMAN RIGHTS

30. MR. STAMPLEY repeats and realleges all preceding paragraphs in support of this claim.

31. At all times relevant to this action, the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 et. seq., (hereafter "LCHR") has been in full force and effect and has applied the conduct of DEFENDANTS.

32. At all times relevant to this action, MR. STAMPLEY has experienced substantial

     limitations to several major life activities, including walking, and uses a wheelchair for his primary means of mobility; and has been an individual with a disability within the meaning of LCHR, LA. REV. STAT. ANN. § 51:2232(3)(a).

33. At all times relevant to this action, the Property has qualified as a place of public accommodation, resort, or amusement as defined by LA. REV. STAT. ANN. § 51:2232(9) by virtue of either supplying services to the general public, soliciting and accepting the patronage of the general public, or having been supported directly or indirectly by government funds.

34. The LCHR prohibits discriminatory practices and provides that "it is a discriminatory practice for a person to deny an individual the full and equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation, resort, or amusement . . . on the grounds of . . . disability." LA. REV. STAT. ANN. § 51:2247.

35. The LCHR extends relief to "any person deeming himself injured by" discrimination in violation thereof. LA. REV. STAT. ANN. § 51:2264.

36. DEFENDANTS discriminated against MR. STAMPLEY, on the basis of disability, in violation of LA. REV. STAT. ANN. § 51:2247, by denying him the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations offered at the Property due to their intentional exclusion of MR. STAMPLEY because of his disability.

37. MR. STAMPLEY deems himself injured by DEFENDANTS' discrimination and brings suit under the LCHR to recover compensatory damages for the injuries and loss he

sustained as a result of DEFENDANTS' discriminatory conduct and deliberate indifference as alleged herein above.

38. MR. STAMPLEY is further entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the LCHR, LA. REV. STAT. ANN. § 51:2264.

### COUNT III: NEGLIGENCE PURSUANT TO LA. CIV. CODE ART. 2316

39. MR. STAMPLEY adopts and re-alleges the allegations contained in all preceding paragraphs as if fully stated herein.

40. Upon information and belief DEFENDANTS are the owners and operators of the Property and the nail salon located there.

41. At all times relevant to this action, the Property was under the direction and control of DEFENDANTS.

42. Upon information and belief, DEFENDANTS had a duty to ensure that their policies complied with the ADA and the LCHR.

43. Upon information and belief, DEFENDANTS, through its employees, had an obligation and duty to ensure that its policies complied with the ADA and the LCHR.

44. Despite this, DEFENDANTS declined to enforce policies that complied with the ADA. As such, DEFENDANTS breached their legal duty.

45. Upon information and belief, it was reasonably foreseeable that individuals who use wheelchairs or scooters, including MR. STAMPLEY, would be excluded on the basis of disability, due to the enforcement of DEFENDANTS' policy.

46. As a result of this exclusion, and breach of their legal duties, MR. STAMPLEY experienced emotional distress and mental anguish.

**PRAYER FOR RELIEF**

WHEREFORE, MR. STAMPLEY demands judgment against DEFENDANTS, and requests the following injunctive relief, damages, and declaratory relief:

A. That this Court enter an Order finding that DEFENDANTS committed intentional discrimination and enter appropriate injunctive and declaratory relief to ensure that MR. STAMPLEY does not experience the discrimination again in the future;

B. That this Court award damages to MR. STAMPLEY pursuant to LA. REV. STAT. ANN. § 51:2264 for the discriminatory conduct of the DEFENDANTS in violation of the LCHR;

C. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MR. STAMPLEY pursuant to the ADA and the LCHR; and

D. That this Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

**BIZER & DEREUS, LLC**
*Attorneys for Plaintiff*

/s/ Andrew D. Bizer
ANDREW D. BIZER (LA # 30396)
GARRET S. DEREUS (LA # 35105)
EVA M. KALIKOFF (LA # 39932)
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996
Email: andrew@bizerlaw.com
        gdereus@bizerlaw.com
        eva@bizerlaw.com